FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 2 5 2020

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

TIMOTHY MARTINEZ                                                    PLAINTIFF

v.                              Case No. 4:20-cv-1148-BSM

CHARLES "DOC" HOLLADAY, individually and
in his official capacity as former Sheriff of
Pulaski County, Arkansas; ERIC HIGGINS,
in his official capacity as Sheriff of Pulaski County,    This case assigned to District Judge Miller
Arkansas; DEPUTY MURPHY, individually and                 and to Magistrate Judge Deere
in his official capacity as a deputy with the Pulaski
County Sheriff's Office; TURN KEY HEALTH
CLINICS, LLC; CORIZON HEALTH, INC.; and
JANE and JOHN DOES 1 – 50.                                                DEFENDANTS

## COMPLAINT

Plaintiff Timothy Martinez, for his Complaint, states:

### Jurisdiction and Venue

1. This is an action is brought pursuant to 42 U.S.C. § 1983; the Arkansas Civil Rights Act ("ACRA"), Ark. Code Ann. §§ 16-123-101 *et seq.*; and Arkansas common law.

2. This Court has jurisdiction over Plaintiff's claims under 28 U.S.C. §§ 1331, 1343(a)(3). This Court has supplementary jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because all or a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

### Parties

4. Plaintiff, Timothy Martinez, is and was during all times relevant to this action a citizen of Arkansas and a resident of Pulaski County, Arkansas.

5. All at all times relevant to this action, Defendant Charles "Doc" Holladay was Sheriff of Pulaski County, Arkansas, and functioned as the chief decision and policy maker for the Pulaski County Sheriff's Office ("PCSO") and the Pulaski County Regional Detention Facility ("PCRDF"). As Sheriff of Pulaski County, Defendant Holladay was given custody of Plaintiff and was responsible for the hiring, training, and supervision of all personnel necessary to operate the and maintain the PCRDF. He is sued in his individual and official capacities.

6. Defendant Eric Higgins was sworn in as Sheriff of Pulaski County, Arkansas, on January 1, 2019. He is sued in his official capacity.

7. Defendant Murphy, first name currently unknown, was at all times relevant to this action a Deputy with the PCSO and has responsibilities as an intake officer at the PCRDF. He is sued in his individual and official capacities.

8. Defendant Turn Key Health Clinics, LLC ("Turn Key") is a foreign company authorized to do business in the State of Arkansas. Upon information and belief, Turn Key at all times relevant to this action held a contract to provide medical services to inmates at the PCRDF.

9. Defendant Corizon Health, Inc. ("Corizon") is a foreign company authorized to do business in the State of Arkansas. Upon information and belief, Corizon at all times relevant to this action held a contract to provide medical services to ADC inmates.

10. Defendants Jane and John Does 1 – 50 is a designation representing currently unknown defendants as follows:

    a. employees of the PCSO/PCRDF who were responsible for the day-to-day operations of the PCRDF, monitoring inmates/detainees at the PCRDF, supervising PCRDF employees and agents, or who otherwise participated in the events giving rise to Plaintiff's claims;

b. employees of the ADC who were responsible for the day-to-day operations of the ADC unit where Plaintiff was housed, monitoring inmates/detainees at the ADC and the specific unit where Plaintiff was housed, supervising ADC employees and agents, or who otherwise participated in the events giving rise to Plaintiff's claims;

c. employees and agents of Turn Key or any other medical, nursing, and/or other healthcare provider or other individual or entity charged with protecting and treating Plaintiff at the PCRDF;

d. employees and agents of Corizon or any other medical, nursing, and/or other healthcare provider or other individual or entity charged with protecting and treating Plaintiff at the ADC.

11. Unless otherwise indicated, the Doe Defendants associated with Pulaski County and the PCSO/PCRDF are sued in their official and individual capacities for their actions taken under color of state law as alleged below.

12. Unless otherwise indicated, the Doe Defendants associated with the ADC are sued in their individual capacities for the actions taken under color of state law as alleged below.

### Factual Allegations

13. On or about September 19, 2018, Plaintiff Timothy Martinez was transported to the PCRDF following his arrest on certain charges.

14. Upon arriving at the PCRDF, Defendant Murphy took custody of Plaintiff from the arresting officer to begin the intake process. Plaintiff at this time was restrained with his hands handcuffed behind his back.

15. Before beginning the intake process, Defendant Murphy violently attacked Plaintiff without provocation, slamming him into the floor, striking him, and pepper-spraying Plaintiff while on the floor and restrained.

16. Following Defendant Murphy's attack, Plaintiff was transported to the University of Arkansas for Medical Sciences ("UAMS"), where medical care providers diagnosed Plaintiff with several injuries, including a broken collarbone that would require surgical repair. Plaintiff received physician orders to return to UAMS within a week for surgical repair of his broken collarbone.

17. Plaintiff was thereafter transported from UAMS and back to the PCRDF for the completion of the booking process and, ultimately, several months of pre-trial detention.

18. Defendants at the PCRDF refused to return Plaintiff to UAMS for the surgical repair of his broken collarbone despite the physician orders for surgery within a week after the initial injury.

19. Further, despite multiple requests and grievances, Plaintiff was denied appropriate treatment for his broken collarbone, or the opportunity to seek and receive appropriate treatment of his broken collarbone, at any time during his detention at the PCRDF. Plaintiff spent 82 days in the custody of Pulaski County and the PCRDF without ever receiving appropriate treatment for his broken collarbone.

20. On or about December 4, 2018, Plaintiff was sentenced to a period of confinement with the ADC and remanded to the ADC's custody. Plaintiff's collarbone remained broken and untreated when he began his incarceration with the ADC.

21. Despite multiple complaints and grievances while incarcerated with the ADC, Plaintiff did not receive surgical repair of his broken collarbone for over nine months.

4

22. Plaintiff needlessly experienced pain and suffering immediately upon Defendant Murphy's attack and for the months between the time Defendant Murphy broke Plaintiff's collarbone and the time Plaintiff finally received appropriate surgical treatment.

23. Defendant Murphy's attack on Plaintiff, the resulting injuries to Plaintiff, and the delay in treatment of Plaintiff's injuries aggravated a pre-existing injury to Plaintiff's neck, resulting in past, present, and future pain and suffering.

24. Defendant Murphy's attack on Plaintiff, the resulting injuries to Plaintiff, and the delay in treating Plaintiff's injuries, all have caused and continue to cause Plaintiff mental pain and suffering and emotional distress.

### Fourth Amendment, 42 U.S.C. § 1983

### Defendant Murphy

25. Plaintiff realleges and incorporates by reference the allegations set forth above.

26. Defendant Murphy, acting under color of state law, deprived Plaintiff of rights secured under the Fourth Amendment to the United States Constitution.

27. Defendant Murphy's actions in attacking Plaintiff upon his arrival at the PCRDF constitute excessive force in violation of the Fourth Amendment.

28. At the time Defendant Murphy attacked Plaintiff, Plaintiff was handcuffed with his hands behind his back. Plaintiff did not resist Defendant Murphy, act in any manner objectively demonstrating any threat to Defendant Murphy or anyone else, or otherwise interfere with Defendant Murphy's taking custody of Plaintiff to begin the booking process.

29. Defendant Murphy's use of force against Plaintiff was objectively unreasonable and in violation of the Fourth Amendment.

30. Plaintiff suffered and continues to suffer injuries as a direct result of Defendant Murphy's use of force.

31. Plaintiff is entitled to relief pursuant to 42 U.S.C. § 1983.

### Fourteenth Amendment, 42 U.S.C. § 1983

### Pulaski County Defendants

32. Plaintiff re-alleges and incorporates by reference the allegations set forth above.

33. The Pulaski County defendants, acting under color of state law, deprived Plaintiff of rights secured under the Fourth Amendment to the United States Constitution.

34. Plaintiff's broken collarbone constituted an objectively serious medical need of which the Pulaski County Defendants were aware.

35. The Pulaski County defendants acted with deliberate indifference by failing to provide Plaintiff with the necessary medical care, failing to direct that such medical care be provided, actively refusing to allow Plaintiff to obtain the medical care needed within a reasonable time or otherwise, and otherwise failing to allow Plaintiff to obtain the medical care needed within a reasonable time or otherwise.

36. Plaintiff was injured as a direct result of these actions.

37. Plaintiff is entitled to relief pursuant to 42 U.S.C. § 1983.

### Fourth and Fourteenth Amendments, 42 U.SC. § 1983

### Municipal and Supervisory Liability

38. Plaintiff re-alleges and incorporates by reference the allegations set forth above.

39. The actions of Defendant Murphy and the other Pulaski County defendants were the result of Defendant Holladay's decisions and practices as Sheriff which were tantamount to municipal policy or custom.

40. The actions of Defendant Murphy and the other Pulaski County defendants were the results of Holladay's failures in hiring, training, and supervision of the Defendant Murphy and the other Pulaski County defendants.

41. These failures in municipal policy and custom, and supervision by Defendant Holladay, directly resulted in the violation of Plaintiff's rights and accompanying injuries.

## Eighth Amendment, 42 U.S.C. § 1983

### ADC Defendants

42. Plaintiff re-alleges and incorporates by reference the allegations set forth above.

43. The ADC defendants, acting under color of state law, deprived Plaintiff of rights secured under the Eighth Amendment to the United States Constitution.

44. Plaintiff's collarbone remained broken and untreated at the time he was remanded to the custody of the ADC.

45. Plaintiff's broken collarbone constituted an objectively serious medical need of which the ADC defendants were aware.

46. Despite multiple complaints and grievances, Plaintiff did not receive surgical repair of his broken collarbone for over nine months.

47. The ADC defendants acted with deliberate indifference by failing to provide Plaintiff with the necessary medical care, direct that such medical care be provided, or allow Plaintiff to obtain the medical care needed, within a reasonable time.

48. Plaintiff was injured as a direct result of these actions.

49. Plaintiff is entitled to relief pursuant to 42 U.S.C. § 1983.

## Arkansas Civil Rights Act

### Defendant Murphy, Pulaski County Defendants, and ADC Defendants

50. Plaintiff re-alleges and incorporates by reference the allegations set forth above.

51. The actions in the above counts against the government defendants also constitute violations of the Arkansas Constitution, Article 2, §§9, 15, 21, as actionable under the ACRA, Ark. Code Ann. § 16-123-105.

52. Because Plaintiff's ACRA claims mirror his § 1983 claims, Plaintiff incorporates and re-states those claims by reference as against Defendant Murphy, the other Pulaski County defendants, and the ADC defendants.

53. For these reasons stated above, Plaintiff is entitled to relief against these defendants acting under color of state law for depriving him of his rights under the Arkansas Constitution.

## Tort Claims

### Turn Key and Doe Defendants

54. Plaintiff re-alleges and incorporates by reference the allegations set forth above.

55. Upon information and belief, Defendant Turn Key was under contract to provide medical services to inmates at the PCRDF at all times relevant to this action.

56. Despite Plaintiff's multiple grievances and requests for medical care, and despite knowledge of Plaintiff's broken collarbone and the need for appropriate treatment, Turn Key and its employees or other agents operating at the PCRDF failed to provide Plaintiff with appropriate treatment at any time during his detention at the PCRDF or otherwise failed to ensure that he received appropriate treatment at any time during his detention at the PCRDF.

57. These failures by Turn Key and the Doe medical providers constitute a breach of the applicable standard of care and are the proximate cause of Plaintiff's injuries and damages.

### Corizon and Doe Defendants

58. Plaintiff re-alleges and incorporates by reference the allegations set forth above.

59. Upon information and belief, Defendant Corizon was under contract to provide medical services to ADC inmates at all times relevant to this action.

60. Despite knowledge of Plaintiff's broken collarbone upon his arrival in ADC custody, the need for appropriate medical treatment, and Plaintiff's multiple grievances and requests for medical care, and despite knowledge of Plaintiff's broken collarbone and the need for appropriate treatment, Corizon and Doe medical providers, and their employees or other agents operating within ADC, failed to provide Plaintiff, or allow Plaintiff to receive, appropriate medical treatment for his broken collarbone within a reasonable time.

61. These failures by Corizon and the Doe medical providers constitute a breach of the applicable standard of care and are the proximate cause of Plaintiff's injuries and damages.

### Prayer for Relief

Wherefore, Plaintiff prays that this Court enter a judgment granting him compensatory and punitive damages against Defendants; reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and all other relief to which he may be entitled.

Plaintiff hereby demands a trial by jury of all issues and claims so triable.

Dated: September 21, 2020

                                      Respectfully submitted,

                                      Timothy Martinez

                                      By:/s/ *Eugene P. Clifford*
                                      Eugene P. Clifford, Ark. Bar No. 2012100
                                      910 W. 2nd St., Ste. 110
                                      Little Rock, AR 72201
                                      Phone: (501) 404-0515
                                      Fax: (888) 501-4077

epclifford@zenithlaw.net

## AFFIDAVIT

The undersigned attorney, having been duly sworn, states upon oath and affirmation, as follows:

1. I am the attorney for Plaintiff in the attached pleading.

2. Neither I nor my client knows the identities of the Jane and John Doe designations set forth in this pleading

3. Upon determining the identity of the unknown parties bearing the Jane and John Does designations, Plaintiff will timely amend the complaint to designate specifically the names of the currently unknown parties.

4. This affidavit is filed with this pleading pursuant to Arkansas Code Annotated § 16-56-125.

_____
Eugene P. Clifford

Subscribed and sworn to me this ___ day of September, 2020

_____
Notary Public

JENE LOUVIERE
Notary Public - Arkansas
Pulaski County
My Commission Expires 04-07-2025
Commission # 12404190

My Commission expires: 04/7/2025

10